UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No: 3:07-CR-42 |
| | ) | (PHILLIPS/GUYTON) |
| WALTER HOLT, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

All pre-trial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. Defendant Walter Holt's Motion for Hearing to Determine Existence of Conspiracy [Doc. 46] is presently pending before this Court.[1]

Defendant Denton moves the Court to grant a pre-trial hearing to determine whether the government may satisfy its burden of proof on the existence of a conspiracy before any co-conspirator statements may be admitted in the government's case-in-chief at trial. [Doc. 46]. In support thereof, he argues that holding a pretrial hearing on the existence of the conspiracy is within the trial court's discretion and is preferable to permitting the statement at trial subject to the government's later proof of the conspiracy because the former alternative avoids the potential for

---

[1] Defendant Holt was permitted to join this motion [Doc. 46] on June 25, 2007, which was filed originally by Co-Defendant Todd Douglas. [See Doc. 78]. This motion [Doc. 46] was denied as moot as to Co-Defendant Douglas [Doc. 80] and Co-Defendant Eddie Denton [Doc. 102], but remains pending as to Defendant Holt.

tainting the jury with inadmissible hearsay. [Docs. 46, 47]. The government has not filed a response to this motion, and the time for doing so has passed. [See Doc. 95]. Therefore, this matter is now ripe for this Court's determination.

Under Federal Rules of Evidence Rule 801(d)(2)(E), "a statement is not hearsay if. . . [t]he statement is offered against a party and is. . . a statement by a coconspirator of a party during the course and in furtherance of the conspiracy." For the government to avail itself of the co-conspirator exception to the hearsay rule, it must show by a preponderance of the evidence that a conspiracy existed, that the defendant against whom the hearsay is offered was a member of the conspiracy, and that the hearsay statement was made in the course and in the furtherance of the conspiracy. United States v. Vinson, 606 F.2d 144, 152 (6th Cir. 1979). This three-tiered review is often referred to as an "Enright finding." See United States v. Enright, 579 F.2d 980 (6th Cir. 1978).

The Sixth Circuit approves of three alternative methods by which a district court can make a determination as to the admissibility of hearsay statements under the coconspirator exception to the hearsay rule: (1) conduct a pretrial hearing outside the presence of the jury and listen to the proof of the conspiracy, (2) require the government to produce non-hearsay evidence during the course of trial before making the necessary finding, and (3) admit the hearsay statements subject to a later demonstration of their admissibility. Vinson, 606 F.2d at 152-53. While all three methods for making an Enright finding are valid, the Sixth Circuit has criticized the first alternative as burdensome, time consuming and uneconomic. This Court notes that it is the custom and general practice in this district to use the third of these options. In any event, the request relates directly to trial procedures and the admissibility of evidence at trial and will be addressed by the trial judge, District Judge Thomas W. Phillips.

2

In accordance with the Sixth Circuit's guidance, this Court finds that a pre-trial hearing to determine the existence of a conspiracy is not necessary. Therefore, Defendant Holt's Motion for a Hearing to Determine Existence of a Conspiracy is **DENIED** to the extent he seeks a pretrial hearing at this time. As to the timing of an Enright finding, District Judge Phillips will decide whether he desires to choose a method besides the third option before or during trial, as he deems appropriate.

**IT IS SO ORDERED.**

                **ENTER:**

                 s/ H. Bruce Guyton
                 United States Magistrate Judge